UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD HALL, | Case No. 2:14-cv-00460-RFB-CWH |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES COX, *et al.*, | Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 20) |
| Defendants. | |

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff Richard Hall's Motion for Leave to File an Amended Complaint. ECF No. 20. For the reasons discussed below, Hall's motion is granted.

**II.  BACKGROUND**

Hall filed a *pro se* civil rights Complaint on March 24, 2014 against multiple Defendants for injuries he allegedly suffered due to being beaten by a cellmate and for his ensuing medical treatment while he was incarcerated at High Desert State Prison (HDSP). ECF No. 1-1. In his Complaint, Hall sued Prison Commissioner Brian Sandoval, Prison Commissioner Ross Miller, Prison Commissioner Catherine Cortez-Masto, Nevada Department of Corrections (NDOC) Director James Cox, HDSP Warden Dwight Neven, HDSP Assistant Warden Jennifer Nash, Caseworker David Fierro, Medical Director Romeo Aranas, Chief of Nursing Services C. Sablica, Director of Nursing Services L. Adams, and numerous Doe Defendants. Id. at 3-5. Hall alleged three counts in his Complaint and sought declaratory judgment, injunctive relief, and monetary damages. Id. at 17, 21-23. The Court screened Hall's Complaint on April 30, 2014 and

1  allowed Count I to proceed against Fierro and Count II to proceed against Adams, Sablica, Aranas ,and Neven. Order at 4-8, ECF No. 3. However, the Court dismissed Count I with prejudice as alleged against Nash and Neven and dismissed Count III with prejudice in its entirety. Id.

On January 6, 2015, Hall filed a Request for Status Update on Amended Complaint. ECF No. 18. In this filing, Hall stated that he mailed an Amended Complaint from the law library at Southern Desert Correctional Center (SDCC) to the Court on September 17, 2014. Id. However, the Court has no record of ever having received that Amended Complaint and it was not filed on the docket. The Court entered a Scheduling Order on January 15, 2015 in which it set a deadline for discovery to be completed by April 15, 2015 and for any motions for leave to amend to be filed by March 16, 2015. ECF No. 19. Hall then filed the instant Motion for Leave to Amend on February 2, 2015, arguing that leave to amend should be granted because he mailed his Amended Complaint on September 17, 2014, before Defendants' Answer was filed.[1] ECF No. 20.

### III.  LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, provided that leave to amend is requested prior to the expiration of the deadline for amending pleadings as set forth in the scheduling order, if one has been entered. AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (stating that Rule 16 applies where a court has "filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline [has] expired" before the filing of the motion to amend).

According to Rule 15, courts should freely grant a party leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts are to apply this policy with "extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). In general, leave to amend under Rule 15 should be denied only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party"—

---

[1] Defendants filed their Answer to the Complaint on November 3, 2014. ECF No. 16.

- 2 -

considerations commonly referred to as the Foman factors. Chudacoff v. Univ. Med. Ctr. of S. Nevada, 649 F.3d 1143, 1152 (9th Cir. 2011); Foman v. Davis, 371 U.S. 178, 182 (1962). Prejudice is the "touchstone" of the Rule 15(a) analysis, however, and therefore receives the greatest weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

### IV. DISCUSSION

The Court concludes that Hall should be granted leave to amend his Complaint. None of the Foman factors weigh against allowing amendment here. First, there has been no showing of bad faith or undue delay. To the contrary, the record shows that Hall filed the instant Motion for Leave to Amend promptly once he was informed, based on the Court's statement in the Scheduling Order, that it had not received his Amended Complaint that he states he mailed on September 17, 2014.[2] In addition, Hall's request to amend his Complaint was filed within the deadline to do so set by the Court's Scheduling Order.

Second, Defendants have not shown that Hall's proposed Amended Complaint would be futile. Defendants argue that Hall's proposed amendment attempts to add parties who were previously dismissed in the Court's Screening Order. Opp'n Mot. Leave to Amend at 3, ECF No. 23. This argument lacks merit, as those parties are only added to new claims which have not previously been dismissed with prejudice. See Am. Compl. ¶¶ 59-69, ECF No. 21.

Defendants also contend that they are unable to determine whether Hall's newly proposed claims (Counts III and IV) fall within the applicable statute of limitations or whether they relate back to the original Complaint because Hall did not include a time period for the alleged acts that form the basis for those claims. Counts III and IV of the proposed Amended Complaint relate to allegedly unconstitutional policies adopted by Defendants Sandoval, Masto, Miller, Cox, and Neven—namely, adopting a policy disallowing "convenience" cell moves and a policy of issuing

---

[2] See Scheduling Order at 1, ECF No. 19 ("There is neither an amended complaint filed on the docket nor any record that the court received the amended complaint.").

inmates "extremely hard plastic cups" that contributed to Hall's injuries—falls within the statute of limitations period. "Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001). In Nevada, the statute of limitations is two years. Rosales-Martinez v. Palmer, 753 F.3d 890, 895 (9th Cir. 2014). "However, [f]ederal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. In the ordinary case, [a] federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Id. (alterations in original) (internal quotation marks omitted). Here, taking Hall's allegations in the light most favorable to him, the earliest Hall could have reasonably known of the alleged policy against "convenience" cell moves was when Defendant Fierro first informed him that such moves were not permitted in November 2012. The earliest Hall could have reasonably known of the policy of issuing hard plastic cups capable of inflicting injury was when Hall's cellmate allegedly used the cup to inflict injuries on him on February 15, 2013. As both newly proposed claims arise out of the occurrences set forth in Hall's original Complaint, they relate back to the date the original Complaint was filed—March 26, 2014. See Fed. R. Civ. P. 15(c)(1)(B). Therefore, both claims fall within Nevada's two-year statute of limitations.

Third, and most crucially, Defendants have not demonstrated that they will be prejudiced by the amended pleading. Although Defendants argue that discovery has already begun and they will be prejudiced in their ability to defend the case on behalf of all parties given that new claims and parties are being added, Defendants offer no specific reasons why Hall's proposed amendment—made less than three weeks after the Court's entry of a discovery schedule—will inhibit them from investigating and defending the case. Further, Defendants' argument that discovery has already begun is true of almost every motion to amend the complaint that is made after an answer has been filed. Defendants have not shown how this case is any different.

Finally, the Court denies Defendants' request to re-screen the Amended Complaint under 28 U.S.C. § 1915A. This statute requires courts to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A(a). The statute unambiguously directs courts to screen complaints by inmates against the government either before docketing or as soon as practicable after docketing. It does not require courts, explicitly or implicitly, to re-screen every proposed amendment complaint once screening has already been completed. This conclusion is consistent with the Supreme Court's characterization of the Section 1915A screening provision as one that is to occur at an early stage in order to reduce the number of meritless cases that are filed. See Jones v. Bock, 549 U.S. 199, 202 (2007) ("The [Prison Litigation Reform Act] mandates early judicial screening of prisoner complaints . . . ."); id. at 203. Any risk of a plaintiff amending the complaint to add frivolous claims after it has been screened is mitigated by the fact that defendants have an opportunity (as they did here) to oppose any post-screening motion to amend.

Defendants have not demonstrated that they will be prejudiced by amendment and have not made a strong showing that any of the Foman factors favor dismissal. Therefore, in light of the Federal Rules' liberal policy favoring amendment, the Court grants Hall leave to amend his Complaint.

### V.     CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff Richard Hall's Motion for Leave to Amend Complaint (ECF No. 20) is GRANTED. The Court deems the Amended Complaint (ECF No. 21) to be the operative complaint in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for A Status Check (ECF No. 33) is DENIED as moot.

DATED: August 3, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**