# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|   |   |
|---|---|
| RICHARD HALL,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES COX, et al.,<br><br>        Defendants. | Case No. 2:14-cv-00460-RFB-CWH<br><br>**ORDER** |

Presently before the court is Plaintiff Richard Hall's Motion for Appointment of Counsel (ECF No. 29), filed on July 1, 2015. Defendants Linda Adams, Romeo Aranas, David Fierro, Dwight Neven, and Cynthia Sablica ("Defendants") filed a response (ECF No. 32) on July 20, 2015. Plaintiff did not file a reply.

Also before the court is Plaintiff's Motion to Re-Open Discovery (ECF No. 35), filed on August 3, 2015. Defendants filed a response (ECF No. 37) on September 2, 2015. Plaintiff did not file a reply.

Also before the court is Plaintiff's Motion to Strike Defendants' Answer to the Amended Complaint (ECF No. 40), filed on September 30, 2015. Defendants filed a response (ECF No. 43) on October 14, 2015. Plaintiff did not file a reply.

The parties are familiar with the facts of this case, and the court will not repeat them here except where necessary. Plaintiff is an inmate in the custody of the Nevada Department of Corrections. Plaintiff brought this civil rights lawsuit against Defendants for injuries Plaintiff allegedly suffered due to being severely beaten in the head with a state-issued cup by his cell mate and for the ensuing medical treatment he received while incarcerated at High Desert State Prison. (*See* Compl. (ECF No. 4).) The court screened Plaintiff's complaint, allowing count one to

1   proceed only against Defendant Fierro and count two to proceed against Defendants Adams,
2   Sablica, Aranas, and Nash.  (Screening Order (ECF No. 3) at 4-8.)  The court dismissed count three
3   with prejudice.  (*Id.* at 8.)  Defendants subsequently answered Plaintiff's complaint.  (Ans. (ECF
4   No. 16).)

5   After Defendants answered the complaint, Plaintiff moved for a status update regarding his
6   amended complaint.  (Request for Status Update on Am. Compl. (ECF No. 18).)  The court
7   informed Plaintiff that an amended complaint had not been filed in the docket and that there was no
8   record of the court receiving the amended complaint.  (Order (ECF No. 19) at 1.)  Given that
9   Defendants had answered the complaint, the court entered a discovery scheduling order in the case.
10  (*Id.* at 1-3.)  Plaintiff thereafter moved for leave to amend his complaint, triggering Defendants to
11  move for an extension of the dispositive motions deadline until after the court ruled on Plaintiff's
12  motion to amend because Plaintiff's proposed amended complaint added new claims and parties.
13  (Mot. for Leave to Am. Compl. (ECF No. 21); Defs.' Mot. for Enlargement of Time (ECF No.
14  25).)  The court granted the motion to extend the dispositive motions deadline, stating that it would
15  entertain a motion to re-open discovery if Plaintiff's motion to amend the complaint was granted.
16  (Order (ECF No. 27).)

17  The court subsequently granted Plaintiff's motion for leave to amend the complaint.  (Order
18  (ECF No. 34).)  Plaintiff filed an amended complaint, and Defendants answered the amended
19  complaint.  (Am. Compl. (ECF No. 21); Ans. (ECF No. 36).)  Plaintiff now moves to re-open
20  discovery and to strike Defendants' answer to his amended complaint.  He also moves for court-
21  appointed counsel.

22  **I.     MOTION TO RE-OPEN DISCOVERY**

23  In light of the court's order stating that it would entertain motions to re-open discovery if
24  Plaintiff was granted leave to file an amended complaint, Plaintiff now moves to re-open discovery.
25  Defendants do not oppose Plaintiff's request given that Plaintiff's amended complaint adds new
26  claims and parties and that discovery regarding these new claims and parties is required.  The court
27  therefore will grant Plaintiff's unopposed motion to re-open discovery.  The court will enter a
28  separate discovery scheduling order, with discovery deadlines measured from the date of this order,

contemporaneously with this order.

## II.    MOTION TO STRIKE

Plaintiff moves to strike Defendants' answer (ECF No. 36) to his amended complaint (ECF No. 21), arguing that Defendants' answer "intentionally plead[s] insufficient defenses that actually amount to material false information and appear to be an attempt to perpetrate a fraud on the court." (Mot. to Strike (ECF No. 40) at 4.) Specifically, Plaintiff takes issue with various portions of Defendants' answer in which Defendants deny particular factual allegations or state they lack sufficient knowledge or information to admit or deny the matters alleged and therefore deny the allegations. (*Id.* at 4-6.) According to Plaintiff, these statements were not made in good faith because Defendants failed to investigate the allegations, and an investigation would have revealed the allegations were true. Plaintiff further argues other denials were not made in good faith because Plaintiff's allegations were supported by evidence in the record. (*Id.*) Plaintiff further argues Defendants' defenses are "belied by the facts and material evidence presented by [Plaintiff] appended to the Amended Complaint and therefore said defenses do not appear to have been made in good faith." (*Id.* at 7, 7-9.) Although it is somewhat unclear, it appears Plaintiff also may be seeking Rule 11 sanctions against Defendants. (*Id.* at 4.)

Defendants respond that the admissions, denials, and affirmative defenses set forth in their answer to Plaintiff's amended complaint are appropriate under the Federal Rule of Civil Procedure 8(b) and were not made in bad faith. Defendants further respond that Plaintiff seeks to require Defendants to respond to Plaintiff's allegations with a level of specificity that would be obtained through the discovery process rather than at the initial pleadings stage. Defendants also respond that Plaintiff is seeking a summary decision on his amended complaint without allowing Defendants an opportunity to engage in discovery and to mount a defense. To the extent Plaintiff is seeking Rule 11 sanctions, Defendants argue that Plaintiff's motion is procedurally deficient because it was not filed separately from his motion to strike as required by Rule 11(c)(2). Defendants also argue they have not engaged in conduct that would warrant Rule 11 sanctions. Finally, Defendants respond that Plaintiff's motion to strike was untimely under Rule 12(f).

///

Federal Rule of Civil Procedure 8(b)(1) provides that in responding to a complaint, a party must: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." If a party denies an allegation against it, the denial "must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). Rule 8(b)(3) provides that denials may be general or specific:

> [a] party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

Additionally, a party that intends in good faith to deny only part of an allegation may do so by admitting the part that is true and by denying the rest. Fed. R. Civ. P. 8(b)(4). If a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation," the party "must so state, and the statement has the effect of a denial." Fed. R. Civ. P. 8(b)(5).

The court has reviewed each of Defendants' admissions and denials in their answer to Plaintiff's amended complaint, and the court finds that Defendants' admissions and denials fairly respond to the substance of Plaintiff's allegations. The court further finds that the form of each admission and denial is consistent with the form prescribed in Rule 8(b). The court further finds that Defendants state their defenses "in short and plain terms" as required by Rule 8(b). Although Defendants have had an opportunity to conduct discovery regarding the allegations in Plaintiff's original complaint, given that Defendants have not yet have the opportunity to conduct discovery regarding the new allegations in Plaintiff's amended complaint, Defendants are not in a position to answer Plaintiff's amended complaint with the level of specificity that Plaintiff is seeking, nor does Rule 8(b) require it. The court therefore will deny Plaintiff's motion to strike. To the extent Plaintiff is attempting to move for Rule 11 sanctions against Defendant, Plaintiff's motion is denied as moot.

### III.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves for appointment of counsel, arguing that he is unable to adequately present his claims without the assistance for counsel. Plaintiff further argues that given the complexity of the case and Plaintiff's limited education, denial of his request for counsel would amount to a

4

denial of due process. Defendants respond that the court previously denied appointment of counsel in this case and that Plaintiff fails to establish that reconsideration is appropriate or that there are exceptional circumstances that would warrant the appointment of counsel.

At the time Plaintiff initiated this lawsuit, Plaintiff also moved for appointment of counsel. (Ex Parte Mot. for Appointment of Counsel (ECF No. 2).) Besides the caption and date, Plaintiff's original motion for appointment of counsel is substantively identical to the motion for appointment of counsel that is currently pending before the court. (*Compare* Ex Parte Mot. For Appointment of Counsel (ECF No. 2) *with* Ex Parte Mot. for Appointment of Counsel (ECF No. 29).) In its screening order, the court stated that it may appoint counsel to an indigent litigant in a civil rights case only in exceptional circumstances and denied Plaintiff's motion on the grounds that Plaintiff did not demonstrate exceptional circumstances. (Order (ECF No. 3) at 8-9.) In his pending motion for appointment of counsel, Plaintiff does not articulate any change in his circumstances or provide any other information demonstrating that exceptional circumstances now exist that would warrant appointment of counsel. Additionally, Plaintiff's filings in this case are literate and comprehensible, thereby indicating Plaintiff is capable of adequately prosecuting his case without the assistance of counsel. The court therefore will deny Plaintiff's motion for appointment of counsel.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff Richard Hall's Motion to Re-Open Discovery (ECF No. 35) is GRANTED. The court will enter a separate discovery scheduling order, with discovery deadlines measured from the date of this order, on the same date it enters this order.

IT IS FURTHER ORDERED that Plaintiff Richard Hall's Motion to Strike Defendants' Answer to the Amended Complaint (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Richard Hall's Motion for Appointment of Counsel (ECF No. 29) is DENIED.

DATED: December 15, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**