UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD HALL, )<br>            Plaintiff, )<br>vs. )<br>JAMES COX, et al., )<br>            Defendants. ) | Case No. 2:14-cv-00460-RFB-CWH<br>**ORDER** |

Presently before the Court is Defendants Linda Adams, Romeo Aranas, David Fierro, Dwight Neven, and Cynthia Sablica's ("Defendants") Motion Requesting Instruction (ECF No. 51), filed on April 11, 2016. Defendants, who are represented by the Attorney General of the State of Nevada, seek clarification from the Court on whether Defendant Catherine Cortez-Masto was timely served and/or whether she was dismissed from this lawsuit. Plaintiff Richard Hall did not file a response.

A review of the Court's docket indicates when the Court screened Plaintiff's complaint, the Court dismissed the claim against Defendant Cortez-Masto with prejudice. (Order (ECF No. 3 at 8-9).) The Court later granted Plaintiff leave to amend his complaint, and denied Defendants' request that the amended complaint be re-screened. (Order (ECF No. 34) at 3-5.) The amended complaint adds new claims against Defendant Cortez-Masto. (Am. Compl. (ECF No. 21) at 3, 18-21.) Defendants represent that at the time the amended complaint was filed, Defendant Cortez-Masto was no longer the incumbent Attorney General, having been replaced by current Attorney General Adam Laxalt. (Mot. Requesting Instruction (ECF No. 51) at 2.) Defendants' counsel further represents that the Attorney General's Office has not accepted service on behalf of Defendant Cortez-Masto. (*Id.*)

The version of Rule 4(m) of the Federal Rules of Civil Procedures that was in effect at the time Plaintiff filed his amended complaint provided that:

> [i]f a defednant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, more than 120 days have passed since Plaintiff was granted leave to file his amended complaint, and Plaintiff has not filed proof of service as to Defendant Cortez-Masto. Although the Court issued a Notice of Intent to Dismiss several defendants who were named in the amended complaint for failure to timely serve them under Rule 4(m), Defendant Cortez-Masto was omitted from the Notice of Intent to Dismiss. (Notice of Intent to Dismiss (ECF No. 38).) In light of this omission, the Court will now issue a Rule 4(m) notice as to Defendant Cortez-Masto.

IT IS THEREFORE ORDERED that Defendants Linda Adams, Romeo Aranas, David Fierro, Dwight Neven, and Cynthia Sablica's Motion Requesting Instruction (ECF No. 51) is GRANTED.

IT IS FURTHER ORDERED that by August 1, 2016, Plaintiff must file proof of service as to Defendant Cortez-Masto. The proof of service must show that Defendant Cortez-Masto was served within 120 days of August 3, 2015, which was the date that Plaintiff was granted leave to amend his complaint. Alternatively, by August 1, 2016, Plaintiff may move to extend time to serve Defendant Cortez-Masto. If Plaintiff moves to extend time to serve Defendant Cortez-Masto, Plaintiff must demonstrate good cause why she was not served within the 120-day period after Plaintiff was granted leave to file his amended complaint. Plaintiff is advised that failure to follow this order will result in a recommendation that Plaintiff's claims against Defendant Cortez-Masto be dismissed without prejudice.

DATED: June 29, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**